OPINION
Plaintiff-appellant, Michael Carter, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, granting legal custody of his daughter, Mary Louella Carter ("Ellie"), to her mother, Ketha Cheesman.
Ellie was born on January 26, 1992, the only child of the marriage of Michael and Ketha. In December 1993, Michael and Ketha filed for a dissolution. Incorporated into the dissolution decree was a separation agreement which granted residential custody of Ellie to Michael, with liberal visitation to Ketha. Subsequently, Michael married Tammy Carter and Ketha married Archie Cheesman. On June 17, 1997, Butler County Children Services Board ("BCCSB") filed a complaint alleging abuse and dependency of Ellie as a result of physical abuse by Michael's wife, Tammy. An ex parte hearing was held on June 17, 1997 where Ketha received temporary custody of Ellie. On July 22, 1997, the court found that Ellie was an abused and dependent child.
On September 11, 1997, Michael filed a motion to regain custody of Ellie. On October 31, 1997, Ketha filed a motion for legal custody of Ellie. On January 6, 1998, following a hearing, the trial court granted legal custody of Ellie to Ketha and granted visitation privileges to Michael. Michael now appeals, setting forth in a single assignment of error that the trial court erred in failing to find that it was in the best interest of the child for custody to remain with her father.
It is well-settled that the trial court is vested with broad discretion in child custody matters and is subject to reversal only upon a showing of an abuse of discretion. Pater v. Pater (1992), 63 Ohio St.3d 393, 396. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 2151.353(A) authorizes a juvenile court to award legal custody of an adjudicated dependent child to either parent in the disposition phase of dependency proceedings. When exercising its jurisdiction in child custody proceedings, the juvenile court is required to do so in accordance with the provisions of R.C.3109.04, which addresses the allocation of parental rights and responsibilities. R.C. 2151.23(F)(1); In re Poling (1992),64 Ohio St.3d 211, paragraph two of the syllabus.
According to R.C. 3109.04(B)(1), when determining the allocation of parental rights and responsibilities for the care of children, the court must apply a best interest of the children standard. However, where a prior decree allocates the parental rights and responsibilities for the care of children, the court must apply a change of circumstances standard in order to modify the prior decree. R.C. 3109.04(E)(1)(a).
In the case at bar, the trial court stated:
 If I was going on the change of circumstances it's a toss up from what I'm hearing, which means that there wouldn't be a change of circumstances really with the father in which I think is what the INAUDIBLE. If it's the best interest, which it is, I'd probably tend to favor a little bit towards the mother. * * * We're in the best interest here, and I'm torn on it, but the best interest at this point I think is with the mother.
It is undisputed that custody of Ellie was placed with Michael pursuant to the separation agreement which was incorporated into the dissolution decree entered by the Butler County Court of Common Pleas, Domestic Relations Division. Thus, as there was a prior decree allocating the parental rights and responsibilities for the care of Ellie, the trial court was required to find that a change of circumstances had occurred before changing legal custody from Michael to Ketha.
It is clear from the record before this court that the trial court failed to find that a change of circumstances occurred. Accordingly, we decline to review the trial court's decision based only on best interest and find that the trial court abused its discretion in failing to make the necessary finding of change of circumstances pursuant to R.C. 3109.04(E)(1)(a). The assignment of error is therefore sustained. This cause is reversed and remanded to the juvenile court for proceedings consistent with this opinion.
WALSH and POWELL, JJ., concur.